With the lawyers who are going to address us, please each stand and state and spell your names. Maggie Hempel-Fishner, M-H-E-G-I-E-H-E-I-M Brian Howries, O-D-E-S Alright, as you both know you each have 20 minutes, you do not have to use the whole 20 minutes, but you are free to. Please keep your voices up because this microphone records but it doesn't amplify. Ms. Hine, would you like to retain any of that 20 minutes for rebuttal? Yes. Okay. Alright. Oh, and Justice Harris will, thank you. Justice Harris is not available today, but he will listen to the tape and so he will be advised of anything that you have to say in oral argument today. Alright. Thank you. May it please the Court, Counsel. My name is Maggie Heimpel and I represent the Petitioner, Mr. Ricardo Johnson, in this matter. Mr. Johnson pled guilty to unlawful restraint in exchange for a sentence of two years in prison back in 2007. He was eventually required to register as a violent offender against youth due to his plea. While in prison in 2016, he filed a post-conviction petition, his first, which alleged that the 2007 plea violated his constitutional rights in part due to how the registry was imposed. Now the Circuit Court recognized that Mr. Johnson had stated a substantive claim that his plea counsel was ineffective, but rather than review that claim, the Court dismissed the petition at the first stage due to a lack of standing, where it seemed that Mr. Johnson had already finished his sentence and where DOC records indicated that he was in prison due to a failure to register offense. Now the question before this Court is whether the legislature intended for trial courts to review legal standings sua sponte before second stage proceedings. It's an important question because before the second stage proceedings, Mr. Johnson was without any legal counsel to help him advocate for what exactly he should be filing and whether there was an argument for standing. Before any court, can we agree that jurisdiction is a very important thing? I mean, if the court doesn't have jurisdiction, then you might as well not be there. Do you agree? I do. And does standing impact or go to jurisdiction? So I'm really glad that you asked that question, Justice Cunningham, because I think it's an important part of how the law in this area is developed. Before people v. Castleberry, there was this idea that certain statutory requirements were a part of the jurisdiction of the Circuit Court's power to hear the case. But after Castleberry, it's now clear that in fact, the statutory requirements are not a jurisdictional issue, even if they are something relevant to whether things can be dismissed at some point after being filed before the  So the issue of whether or not Mr. Johnson or any petitioner seeking to invoke the Act is in fact in prison is not a jurisdictional question. So the only jurisdictional question is whether they have the constitutional authority to hear it, and that just does not come into play. The Circuit Court clearly had the constitutional authority and the subject matter jurisdiction to hear this. And that change in analysis is something that came up in People v. Be Gay in 2018. In Be Gay, the Court noted there are two major things, in my opinion, that have happened since, just to clarify, this Court in 2011 in People v. Stewart and in People v. Vinegar said that standing was an appropriate means to kick something out at the first stage. We are arguing that those cases are wrongly decided. And I think Be Gay noted two major occurrences in Illinois Supreme Court law which show why it's time to reevaluate those cases. And one of them is Castleberry, which makes clear that a statutory requirement is no longer an issue of jurisdiction and never was an issue of jurisdiction. And the second is the Be Gay Court recognized that in Homerson, the Illinois Supreme Court reaffirmed what is the appropriate analysis for asking what can be summarily dismissed under 122-2.1. So let me ask you another preliminary question, because you handed that one great. If we, without getting to whether we should or shouldn't consider it at the first stage, if we were to consider it at the first stage, do you have an argument as to why it is not patently frivolous, why it is not, I guess, clear on the face of the petition that he doesn't have standing? Well, so I think in this case, Mr. Johnson's is a great case for answering that question because there is the recent federal appellate level case where they said that SOAR registration requirements, even when you're not necessarily in prison due to a registry violation, can grant standing under the federal habeas statute, which in a lot of ways, the Illinois post-conviction statute does mirror the federal habeas case law. So you have these registry requirements potentially granting standing, and I also think it's the main standing case in the Illinois Supreme Court. It had to do with INS proceedings being started due to a guilty plea. And in that case, the Supreme Court, first, I want to note that that case made it through to second stage. So it did not deal with this question. This question has not gone before the Supreme Court. But in Carrera, the Supreme Court noted that INS proceedings were not something within the state court's purview. It wasn't something the state court had any control over or the state prosecutor or the state police had any control over. It was a completely separate federal proceeding. So you weren't in custody for state purposes. The same would not be true for registry violations in the state of Illinois. Those are indeed something which began in state court with that 2007 guilty plea and then go all the way through to the 2016 violation for failure to register. So it would be easy to distinguish Carrera. But is there any case law other than the one, I think it's a Third Circuit federal case that most of the federal courts have disavowed, is there any case law that suggests that any kind of registration requirement is part of the sentence? Well, so there is now a case law in Illinois in the third district, maybe the second, saying that SOAR registration can constitute punishment. So that is the question of whether or not something is punishment is relevant to whether it would be a part of that original sentence. So those cases are beginning to come up now, although the first district hasn't yet said that it's punishment. It has, in fact, said the opposite. For those, like, in the context of Eighth Amendment claims and... Right, proportionate penalties. Right. So we don't yet have a case that says that sitting in prison due to a failure to register will give you standing to reach back and attack the original conviction that led to your registration, even if that registration was wrongfully imposed. But I think the important narrow question before this court is simply whether Mr. Johnson should have had access to an attorney to think about legal arguments. And because this is a registry requirement, I think what shows why it would make sense to have a lawyer who's there to think through all the different possibilities of changes in law and developments in law or in the registry requirements to potentially see whether there's an argument for standing. The other thing that's different in registry cases is that Mr. Johnson did have standing to attack his failure to register claim, but because in his petition he put that he was trying to file late to attack his 2007 conviction, it wasn't aimed at that. An attorney could potentially request the court to amend and see if there was a way to... That's a new petition, isn't it? It's in a new lower court case. It's a brand-new petition saying this conviction is illegal. Well, I think when you look at this, Mr. Johnson's concern is that he's sitting in prison because of this registration requirement. Whether or not it was properly imposed is relevant both to his failure to register conviction that came up in 2016 and the 2007. So for a layperson, they're connected. And I think the circuit court would have discretion to allow an attorney to come in and say, we want to also include the 2016 conviction that he was in prison for. So I think it is a permissible amendment that the circuit court could have permitted in this case. I also think it's worthwhile to look back, particularly in talking about whether this dismissal should be permitted at the first stage, to look back at the actual language of Section 122.1. It says, any person imprisoned in the penitentiary may institute a proceeding if the person asserts that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights and then under the U.S. or LMI Constitution. To Mr. Johnson, when he's sitting in prison because there's been some sort of violation of the registration requirements, he was following the black letter of that language. Now, as attorneys, we know there have been a lot of glosses on that language. So in fact, it's a much more complicated question. But to him, he was sitting in prison because in 2007, he pled to a class 4 felony for a short sentence. And then in 2016, he's still dealing with consequences that can lead to him being pulled back into prison and to a new felony. So I think just for that reason, you know, this isn't something where he should just get kicked back in automatic denial. But he instead should be permitted to go to the point where he can speak with an attorney about what's the right way to frame the violations that he's seeing, what's the right way to think about them, and what's the right way to attack them. And if you were successful, what would the remedy be? That this plea would get vacated and potentially? So if we were successful, this would go back for second stage proceedings where an attorney can discuss. Well, let's assume you were successful in the second stage. Successful all the way through. Then what? Well, so I think then there are a lot of open questions. There's a possibility that in his 2007 plea, they were trying to plead around the violent registry offense by not including the complainant's age because the complainant's age isn't anywhere in the record, including the guilty plea record, in which case it maybe was wrongfully implied, wrongfully applied. There's a chance that his plea counsel gave him poor advice that he might choose to get out of the plea, which that would have potential consequences for his future need to register, depending on what happens. You just gave a whole laundry list, but you still didn't answer the question. Assuming that, you know, you get this second stage, where would this end up? What is the ultimate goal here? That's what I'd like to know. What's your ultimate goal? So my goal, first and foremost, is for Mr. Johnson to have an attorney that can potentially at the circuit level argue for standing to attack the 2007 conviction, for an amendment to attack the 2016 conviction, or for a re-characterization into a different type of petition where he can get relief. I want him to have an attorney so he can discuss his options, and he can have an a full picture of, rather than it going as him doing exactly what I think the Post-Conviction Hearing Act asked him to do, which is say what you think went wrong, what you think was unfair. He correctly identified his plea attorney as one of the reasons why he doesn't understand how this all turned out the way it did. And he's just getting kicked out on what is a highly technical legal concept without any chance to speak to an attorney. But now he has a very good attorney. He has you, and you can articulate all the potential legal basis upon which he can have standing. And so what would going back to the trial court give him beyond that? I mean, we're either going to buy those or we're not, that he has a legal, potentially legal basis for standing. I guess the only thing you've added is that he could potentially amend to bring in another conviction. I don't know what the legal basis for that would be or if that is even something you can do. I've never seen a post-conviction that attacks two unrelated or peripherally related convictions. I don't know. I'm just wondering what more. I mean, I see why you need an attorney to go out and find witnesses to give you affidavits to show that you're innocent of the crime. That you need an attorney for. He's got an attorney who can articulate legal arguments. Well, you know, as the attorney on appeal, I don't have – I am limited specifically to the record that we have. And I think it's noteworthy that in order to dismiss this based on standing, the circuit court had to look to the DOC website and pull together things. You can imagine a case in which there might be something complicated that went on with how the sentence was served, in which case you can't give a full description of whether or not standing still exists. Are you looking to vacate the guilty plea? I mean, is that where this is going? I think that's a question for a trial attorney who can do investigation into what exactly his plea attorney told him, what the prosecutor expected when giving a plea that didn't include the complainant's age. I just think that's a question for someone that can do further factual development. And I also think the question of standing in a case like this should be decided in the first instance at the trial level with advocates on both sides. Like, at its heart, I think that is something to be decided with advocates on both sides for the state and for the defense rather than sua sponte with the court and chambers, looking on IDOC's website and through the records. And at heart, it really comes down to what the Post-Conviction Hearing Act and what the legislature intended with Section 122-2.1. And the same was true in the cases where dealing with lack of corporal negligence, where there are certain times where if the rules of the act are not followed, even if a court of review can say, well, we don't think this is going to go any further, it still has to go back because certain things are simply mandatory. And we have a lot of new case law between 2002 and today about what it means to be frivolous and patently without merit. And I think if you look at the analysis of each of those cases, they all lead to the conclusion that standing in terms of Section 122-1 is not something that was contemplated as a part of the summary dismissal subsection. So I think the two biggest ones are People v. Beauclair, which said that timeliness is not a part of arguable merit, and then People v. Blair, which said that race, judicata, and forfeiture are a part of arguable merit. And if we can just look at those two a little more closely, in People v. Beauclair, the Supreme Court noted that the summary dismissal section was silent as to timeliness, but timeliness came up elsewhere in the statute, specifically in 122-1c, and that it could be raised in a motion to dismiss so there wasn't a huge problem with wasted resources, and that it was going to require the court to assume that the petitioner was not credible in saying that he should be allowed to file this late, because there would need to be this assumption that there wasn't a lack of culpable negligence. If you look in People v. Blair, the concept of race, judicata, and forfeiture is not found elsewhere in the statute. The only place where it arguably comes up is actually in subsection c of the summary dismissal part of the statute. And there, after outlining summary dismissal, the legislature directed circuit courts that they could look to necessary items for review, including the court file, appellate court opinions, and the transcripts of proceedings. And the Blair court also looked at the legislative debates during the time when summary dismissal was permitted and noted that race, judicata, and waiver were specifically referenced when creating summary dismissal. So in Blair, the court looks to the fact that the summary dismissal section actually includes the information necessary for a dismissal based on race, judicata, and the same is not true for standing. Standing, that concept that it has to be in penitentiary for this reason, which has had a lot of losses, shows up in section 122.1. There's nothing in 122.21 which references it. So again, the circuit court in this case looked to the DOC website to confirm and corroborate his sort of guesses that he was no longer in detention for this offense. And that's not something that's referenced in section 122-2.1. So I think that's further support for the idea that this is not something the legislature was contemplating. It required the circuit court to go outside of his role of just looking at the filing on its four corners, the proceedings from before, and the appellate court record in determining whether to appoint an attorney. If you want to reserve some time, I think you've done. Thank you. May I please the Court, Brian Hodes, on behalf of the people of the State of Illinois. The circuit court was authorized to dismiss defendant's petition based on a lack of standing. The court properly looked to the existing records to determine that the otherwise cognizable or potentially viable claims were non-meritorious based on legal principles, standing being one of them. Standing means that a petition is non-meritorious as it has been defined. The case that directs us to this method of summary dismissal and this interpretation of the act is Blair, which counsel just discussed. Blair said that the court could look to the record of the prior proceedings and the court record as a whole, and it could determine whether the claims were properly dismissed based on legal principles. And it noted that a claim is non-meritorious, and it used in defining merit the word standing. And it noted that the court could look to the record of the prior proceedings  based on legal principles, standing being one of them. Patently without merit. Let's assume we can look at why is it patently without merit. I would say that it's patently without merit because a defendant who brings a petition and lacks standing. But why is it? The question is, is his claim that he has standing, that we should review this or the trial court should review it, is it patently without merit? Does he have no arguable basis for saying, hey, this conviction flows directly from an unconstitutional conviction that I had in 2007? Let's assume that for just a moment that that 2007 he had no lawyer at all and the judge was completely drunk. Let's assume that. Okay. It's the most meritorious PC you've ever seen. I think he's in jail now for failure to register. Because he's already completed his sentence and he's already completed his MSI. I would have had to register. I would have had no obligation to register except for that drunk judge who didn't even give me a lawyer. At least under the terms of the Act, he doesn't have an avenue of relief. That's the way. It's patently without merit. It is not. He's the best lawyer in the county. Exactly. If you appointed the best lawyer at the second stage, and I think Your Honor is forgetting to this when you questioned counsel, what would that lawyer be able to do to establish standing? And there was nothing that such a lawyer would be able to do to establish standing. Because establishing can't be rekindled or redeemed. It's not akin to timeliness or something like that where there's a way around it. It is built into the statute. It provides a the statute only provides a right of relief to certain people. And defendant had that right of relief up until a certain time, at which point he no longer had it. And he filed his petition, let's see, over five years later. And therefore, he no longer had standing to seek relief. And ultimately, there's no way he can ever get relief under the statute. So your interpretation, the statutory interpretation that you're portraying now, that's what makes his petition patently without merit. It's frivolous simply because under your interpretation of the statute, he can't possibly have standing. So the petition is meritless and frivolous. Yes? It is. But that's the definition that the Supreme Court adopted for merit in Beauclair and then in Blair. And it also used that definition in Alcoser. And the courts have consistently used that definition in applying it, including this Court's decision summarily dismissing petitions that defendant counsel referenced and advocates, as incorrectly decided, Vinecourt and Stewart, I believe. There's also a decision from another district that is more recent called Perot's Wherefore, which I believe we referenced in our brief, all cases which are summarily dismissed based on a lack of standing. Do you think Begay calls that into question? I actually don't. I think Begay is a complex case in its facts. But Begay, I think, supports opposition because in Begay, the Court ultimately dismissed the petition or found that a basis for dismissing the petition was the defendant's lack of standing. And it noted that there was, it echoed Carrera, the case counsel has discussed, the Supreme Court case. And it said, it concluded at the end in acknowledging the Act's limitations to assist the defendant. While the result here may seem harsh because the petitioner no longer has the remedies provided by the Act, and while we are sympathetic to the defendant's Supreme Court, I might add, cannot expand the remedies set forth in the Act to bring defendant's case within the Act. That's the situation we're in here. I'm not even clear entirely whether Begay was a summary dismissal or not because of the confusing fact pattern. But what was clear from Begay was that it found that the petition could have been a summary dismissal. And I think under a first-stage analysis is the way I read it, although it's a complex set of facts because of you forgot. But I think that's how I read it. And it would apply either way to standing as being something that just, once a case is brought before the Supreme Court, that the defendant can have a received relief under the Act. So if someone is under a registration requirement, or even worse, in custody because of failure to adhere to a registration requirement, and the conviction that put them there is completely wrong for some reason, you're basically saying they're without a remedy. Is that what you're saying? If they didn't challenge that conviction based on while they still had standing, yes. Is there any other remedy that they would have? I don't know. I mean, that's not the perspective I've approached this from. It's not your job. That's part of it. But it's not the perspective I've approached this from. Well, I think your opponent's argument is that there's got to be a remedy for a wrong, and whether you're invoking equitable principles or something else. She was not clear on what that remedy would be when we asked her, but I think that she was saying that there has to be a remedy somewhere, and you're saying no. What I'm saying is there is not a remedy under this Act. I don't pretend to know what the other remedies that there are. I don't know the Act, and I don't know whether she is either. I'm just asking questions about is there a remedy if there was a wrong, assuming for the moment that her argument is correct and we go in that direction. Is there a remedy for this? And she says there's got to be, although when we tried to press as to what that would be, I'm not clear. You're saying that there is no remedy, that the time for exercising that right, whatever that remedy would be, is passed, and once that time is passed, you're out of luck. Is that your argument? With one proviso, Your Honor, it's that there is no remedy under this Act. As I said, I don't pretend to know what other remedies might theoretically be available to the defendant. All I can say is that based on this Act and based on the existing law, this remedy, this avenue of relief, as defined by the legislature, is no longer available to this defendant, and there is no way to bring this defendant back into standing no matter how good a lawyer the defendant were to receive if the case were sent back for second stage proceedings. And I'm not even completely clear on where the ultimate payoff would be, although I haven't imagined it that far out. As Your Honor's questions to counsel indicated, it's kind of hazy what would happen if it got past that point. But what I can say is that the defendant had no standing, and under the terms of the Act, this meant that she could never, he could, excuse me, he could never receive relief, and that, therefore, summary dismissal was proper under the Act. And there are no, there is no case law that would, I mean, there's case law that this  There's no case law that has found, exactly as I've said, under these facts and certainly under similar facts. What is your response to counsel's argument that the requirement that you be in the penitentiary is in a different section of the Act than the first stage dismissal provision? Well, the first stage dismissal provision talks about, first of all, that's not how the Supreme Court has Well, they did in part. They relied on it to some extent, I think, in Hammerson, different sections of the Act. In Hammerson, yeah, they did in that case. But I mean, what would distinguish that case is that if you sent it back for second stage, that problem could be remedied. The verification affidavit could be fixed. And it could be fixed by a proficient lawyer or even by the defendant. Even the not too proficient lawyer, I'll believe. Yeah, yeah. Or even by the defendant once they got word. This is irredeemable, no matter how good the lawyer was. But the Supreme Court has adopted a definition of merit that encompasses standing. And it has adopted it repeatedly. And even if you were a defendant, at least in her briefs, counsel, excuse me, in her briefs about whether or not that might arguably constitute dicta, our position, of course, is that it doesn't constitute any form of dicta. But even if it did, it would be judicial dicta, which needs to be followed. And every case, including subsequent Supreme Court cases, have used that same definition. So if it were oberta dicta, the, you know, pure aside, which, of course, it isn't, even then the court should follow it because oberta dicta from the highest court, or the court of last recourse, I believe is the language, should be followed unless there is contradictory authority. And there is no contradictory authority from that court. Even in other cases, I mentioned Alcoser, Blore, and the first one that formally adopted that definition, Beauclair, have all used a definition of merit that brings in the concept of standing and have basically said, and that would be consistent with the purpose of summary dismissal, which is to prune out cases, claims, and to bring some sort of efficiency to it. The reason that summary, and that was discussed in Blore, which I believe referenced a prior case, which I am hoping to remember, Rivera, which also talked about the point of summary dismissal, which was to allow courts to look at things and determine whether a petition has any merit. And obviously, allowing the court to look at the prior record and determine that the petition would never have any merit would be completely consistent with that purpose. If Your Honors have no further questions, I would simply ask that this Court continue to file the law reason to help rulings in cases like Stewart, Vinicor, Perez, Vinicor, and Perez where to affirm the summary dismissal. Thank you. Any questions? Thank you, counsel. So the first, well, sorry, I want to, as a preliminary matter, in the gay, the court did not go as far as to find what we're asking for. It noted that it was possibly in question, and then because counsel was involved at the first stage, it said since you got counsel, we don't need to go there. Here, this Court, it is fully presented because you did not have counsel. I want to quickly refer to this idea that you need to be able to show a remedy on appeal from the first stage dismissal in order to show that it's worthwhile for remand for second stage. And I thought a hypothetical might be helpful. If you had a first stage petition get filed where it comes late and in it, the petitioner says, you know, I am just an incredibly lazy person. There was a really great TV show in the common room, so I waited 20 years to send this in, but I have a really significant constitutional violation from my original conviction. And he's been in this entire time. The only question would be lack of culpable negligence and timeliness, or that would be an incredibly important question. And under current Supreme Court precedent, it does not matter that he has effectively said, I am culpably negligent. You still send it to the second stage, and it's because that is how the statute is written. And then to briefly touch on this idea of what the statute says. The state is, well, first, people be heard to courts of Perez did not challenge whether or not standing can be dismissed is relevant at the first stage. It simply happened. So it's really Vineker and Stewart that squarely deal with this issue. And in both of them, they're relying on this definition of merit, legal significance, standing, or importance, which is not relevant. The word standing in there is not relevant to the court's analysis in any of the places that it's been cited. So that's what's very important. And if you look at People v. Blair, which is the one that said race, judicata, and waiver is relevant at summary dismissal, multiple times they note, more importantly, Section 122-2.1c says the circuit court can look to the court files and the appellate court proceedings and determine whether this is frivolous and patently without merit. So there was something statutory within the summary dismissal section of the statute, which the court relied on to say, of course the court can look to race, judicata, and waiver. And I think standing doesn't have that same type of thing. The other thing about race, judicata, and waiver is that it's not found anywhere else within the Post-Conviction Hearing Act. The standing provision is found in the Post-Conviction Hearing Act, just like the timeliness section, just like the verification affidavit. It is found in Section 122-1. And I want to make one other point. 122-1 subsection D says that the court does not have to go through the act unless the petitioner specifically invokes it. So the legislature knows how to tell the court you can throw these out unless they say this is a post-conviction hearing petition or this is under Section 122 of the criminal code. So the legislature knows how to say the court can kick these out before even getting to the summary dismissal stage, but they did not do that for that interpenitentiary portion. And then finally — I'm a little confused by your last argument. There isn't any suggestion that this be rejected pre-first stage. They're just suggesting — Well, there can't be first stage. It's just like this idea that standing would come prior to getting to the frivolous and patently without merit. And then when we're talking about to what degree is standing included in the concept of frivolous and patently without merit, there's case after case after case, including Beauclair. I think Blair, as well, talking about it's a substantive merit. It's the ability to state a constitutional claim. Those are the things you're looking at. You're not getting into procedure at this early stage. Let me just clarify. If we were to disagree with you and say that standing is something that could be considered at the first stage, that would not mean that every time a petition gets rejected on standing grounds, that dismissal would be affirmed, right? I mean, there may be situations, and you would probably argue this is one of them, where standing isn't clear. Right. I suppose you would even say it's what if the person just was living in Des Moines and had no restrictions, but 20 years ago he got — I mean, you know, he got convicted of something. Would you say then it could be — I think it still should not be done at the first stage because you have to look to subsequent convictions, whether he served out a federal sentence somewhere else before coming back and serving in Illinois. So I'm living in Des Moines. I've got a job at, you know, the grocery store. I'm completely done with everything, but that sentence that you invoked 20 years ago, that was wrong all along. Well, so there are — right. I think still if you're relying primarily on — if you're relying on — Your position is standing. If you rely on standing, you should not do it. You can look to whether there is a conviction, whether there's a judgment being — whether there's an actual judgment being challenged. And then otherwise, I think it should go to the second stage. And then if this Court was looking for — You didn't really answer Judge Mitma's question, though. I — Yeah. What's your answer? I said — so my first response is not on standing grounds. If you can't find something in the conviction, trial court records, subsequent appellate stuff, if you're just relying on the court's math and the minimus to say there's no standing so it can't go forward. It's in the petition. He says in the petition. I'm completely done with this sentence. I finished my MSR successfully. I'm a good guy. I'm now completely rehabilitated. I'm a teacher in a public school. Everything's great, but I don't like that conviction. Yeah, so I would say under the statutory argument, standing is not appropriate at the first stage. Although in that case, you would be going on the four corners of the petition to say that he's not in prison in the penitentiary. But if this Court were looking for a narrower way to roll in this case, I do think you have the questions where it's not so clearly patently without merit. And in those cases, this Court could say there needs to be a clear showing just based on the four corners and the trial record. And I think in this case, you don't have that because it's a complicated legal situation and because you have to assume that he doesn't have a consecutive sentence that he's serving after this one. There are a lot of assumptions or digging into the DOC website that have to go on to say that he does not have standing, including rejecting a complicated and emerging legal argument that he has not had an attorney help him develop at the first level in the trial court. And that would, I assume, be a way to narrow it. That would be a way to narrow it. And I think, you know, I know this Court would like me to be able to say what the remedy is in this case. Oh, that would help. I think these SORA and violent offender against youth, these registration and status offenses, create a really complicated situation for what relief is available and how to get that relief. In this case, where it is a guilty plea, there is some room there for Mr. Johnson to potentially get relief from the violent offender against youth back in the trial court. If it had been a trial, he possibly wouldn't be able to in Illinois because of people v. Bingham, which says he can't do it on direct appeal. So it is a really open question, but I think the Post-Conviction Hearing Act was specifically designed for situations where there's a whole lot of remedies and it's not clear where you're supposed to go with it. And it's designed so that someone who finds themselves sitting in prison or on MSR or on probation or on appeal bonds can say, I need help and there's something wrong with how the Constitution was applied in my case, so that I need an attorney who can help me figure out the right way to frame that. And I think Mr. Johnson is someone who falls squarely within that, someone who's tried very hard. He's not a repeat filer. This is his first post-conviction where he says, I'm still getting pulled back into prison. I need help. So I think in that case, it should go to the second stage so a trial attorney can talk with him, talk with the prosecutor, talk with his plea attorney about whether there is a solution to this. Thank you very much. This is very well done, guys, on both sides. We will take it under advisement.